**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BALJIT SINGH DHANOTA, | No. 05-75978 |
| Petitioner, | Agency No. A036-872-284 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010 [**]
San Francisco, California

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Petitioner Baljit Singh Dhanota seeks review of a decision by the Board of

Immigration Appeals that held that his state felony conviction for possession of

methamphetamine with intent to sell, in violation of California Health and Safety

Code § 11378, was a "drug trafficking crime" which constitutes an "aggravated

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

felony" under federal law, rendering him statutorily ineligible for cancellation of removal. Dhanota argues that "drug trafficking crime," as defined by 8 U.S.C. § 1101(a)(43)(B), requires the use of a firearm and thus the state criminal statute, which has no such element, is broader than the federal statute. He relies in particular on the reference in § 1101(a)(43)(B) to 18 U.S.C. § 924(c) as a whole, arguing that because § 1101(a)(43)(B) fails to contain a more precise reference to § 924(c)(2), Congress intended to incorporate all subsections of § 924(c) in the definition of "drug trafficking crime." We rejected exactly this argument in our recent decision in *Lopez-Jacuinde v. Holder*, No. 07-72046, __F.3d __ (9th Cir. 2010).

PETITION DENIED.